# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JANE DOE,                                    )
                                             )
       Plaintiff,                       )
                                             )
       v.                               )   C.A. No. N17C-10-077 MMJ
                                             )
DR. BRUCE GROSSINGER,                        )
GROSSINGER NEUROPAIN                         )
SPECIALISTS, P.A.,                           )
                                             )
       Defendants.                      )

Submitted: February 23, 2018
Decided:  March 1, 2018

Upon Defendants Dr. Bruce Grossinger and
Grossinger Neuropain Specialists, P.A.
Request to Determine if the Affidavit of Merit
Complies with 18 Del. C. §§ 6853(a)(1) and (c)

## ORDER

Section 6853(a)(1) of title 18 of the Delaware Code provides that all healthcare negligence complaints must be accompanied by an affidavit of merit as to each defendant signed by an expert witness, accompanied by a current *curriculum vitae* of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant.

1

In this case, the affidavit of merit was filed under seal, as required. Pursuant to 18 *Del. C.* § 6853(d), Defendants requested *in camera* review of the affidavit to determine compliance with sections 6853(a)(1) and (c). The Court has reviewed the affidavit of merit and the accompanying *curriculum vitae.* The Court finds:

1.     The affidavit is signed by an expert witness.

2.     The affidavit is now accompanied by a current *curriculum vitae.*

3.     The affidavit sets forth the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by Dr. Grossinger.

4.     The affidavit sets forth the expert's opinion that there are reasonable grounds to believe that specifically enumerated breaches by Dr. Grossinger proximately caused the injuries claimed in the complaint.

5.     The expert witness was licensed to practice medicine as of the date of the affidavit.

6.     In the 3 years immediately preceding the alleged negligent act, the expert witness was engaged in the treatment of patients and/or in the teaching/academic side of medicine in the field of Neurology.

7.     Although the Revised Affidavit of Merit states that the expert is "board certified," the *curriculum vitae* **does not** provide the medical specialty or the date of such certification.

**THEREFORE,** the Court having reviewed *in camera* the affidavit of merit and accompanying *curriculum vitae* of plaintiff's expert witness, the Court finds that the affidavit of merit **does not comply** with sections 6853(a)(1) and (c) of title 18 of the Delaware Code.

    **IT IS SO ORDERED.**

The Honorable Mary M. Johnston